FILED
APR 1 4 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | **4:16CR00165 HEA/NCC** |
| Plaintiff,        ) | |
| ) | |
| vs.        ) | Case No. |
| ) | |
| DARREN RANDAL WILSON,        ) | Title 18 U.S.C. §1343 |
| ) | Title 18 U.S.C. §2 |
| Defendant.        ) | Title 18 U.S.C. §981(a)(1)(C) |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Ethical Society of Police (ESOP) was a private association of St. Louis law enforcement officers, located in the City of St. Louis, within the Eastern District of Missouri.

2. ESOP maintained a bank account, numbered XXXX XXXX 0644, in the Eastern District of Missouri.

3. The funds in this account consisted primarily of the monthly dues of ESOP members and were held in trust for the benefit of ESOP.

4. Defendant **DARREN RANDAL WILSON** was the president of ESOP.

5. Defendant **DARREN RANDAL WILSON**, as president of ESOP, had signature authority over the ESOP bank account.

6. Defendant **DARREN RANDAL WILSON** possessed and used checks and an ATM/debit card that accessed the ESOP bank account.

1

7. The bank was a financial institution with branches in the Eastern District of Missouri, whose accounts were insured by the Federal Deposit Insurance Corporation (FDIC).

## COUNTS 1 - 9
## Wire Fraud
## (18 U.S.C. §§1343 and 2)

1. Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated herein.

2. Beginning at a time unknown to the Grand Jury, and including in or around July 2013 through in or around December 2014, and continuing thereafter up to and including the date of this Indictment, in the Eastern District of Missouri and elsewhere,

**DARREN RANDAL WILSON,**

the defendant herein, acting with others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that such pretenses, representations and promises were false and fraudulent when made.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for defendant **DARREN RANDAL WILSON** to unlawfully enrich himself by falsely and fraudulently taking money from the ESOP bank account and using it for his own purposes.

### THE SCHEME AND ARTIFICE

The manner and means by which the scheme and artifice were accomplished included, among other things, the following:

2

4. Defendant **DARREN RANDAL WILSON** wrote unauthorized checks drawn on the ESOP bank account.

5. Defendant **DARREN RANDAL WILSON** made unauthorized wire transfers from the ESOP bank account.

6. Defendant **DARREN RANDAL WILSON** made unauthorized cash withdrawals from the ESOP bank account.

7. Defendant **DARREN RANDAL WILSON** made unauthorized personal purchases using the ESOP ATM/debit card.

8. Defendant **DARREN RANDAL WILSON** made unauthorized transfers of money from the ESOP bank account to his personal bank account.

9. Defendant **DARREN RANDAL WILSON** made unauthorized transfers of money from the ESOP bank account to others.

10. Defendant **DARREN RANDAL WILSON** did not disclose accurate financial information to ESOP officers and members, in order to conceal his unauthorized withdrawals, purchases, and transfers.

11. Defendant **DARREN RANDAL WILSON** presented false and fraudulent information to ESOP officers and members, in order to conceal his unauthorized withdrawals, purchases, and transfers.

## USE OF THE WIRES

12. On or about the dates set forth below as to each count, defendant **DARREN RANDAL WILSON**, for the purpose of executing, and in furtherance of, the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be

3

transmitted in interstate and foreign commerce by means of wire communications, certain writings, signs, signals and sounds, as more particularly described below:

| COUNT | ON OR ABOUT | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | August 12, 2013 | An electronic transfer (Fed Wire) of $1,000 from **DARREN RANDAL WILSON**'s personal bank account to International Creative Management. |
| 2 | September 19, 2013 | An electronic transfer (Western Union Wire) of $2,500 from Daniel Kirby, at the direction of **DARREN RANDAL WILSON**, to David Robertson. |
| 3 | December 9, 2013 | An electronic transfer (PayPal Wire) of $2,500 from the ESOP bank account to Pop Comedy. |
| 4 | December 23, 2013 | An electronic transfer (PayPal Wire) of $1,000 from **DARREN RANDAL WILSON**'s personal bank account to Pop Comedy. |
| 5 | April 3, 2014 | An electronic transfer (PayPal Wire) of $2,572.50 from the ESOP bank account to Phoenix Solutions, LLC. |
| 6 | May 16, 2014 | An electronic transfer (PayPal Wire) of $3,518.79 from the ESOP bank account to Phoenix Solutions, LLC. |
| 7 | December 8, 2014 | An electronic transfer (PayPal Wire) of $200 from the ESOP bank account to Greg Sutherlin of Expressions Graphics. |
| 8 | December 11, 2014 | An electronic transfer (Fed Wire) of $5,750 from **DARREN RANDAL WILSON**'s personal bank account to Celebrity Artist Entertainment. |
| 9 | December 12, 2014 | An electronic transfer (Fed Wire) of $1,000 from **DARREN RANDAL WILSON**'s personal bank account to Pierre Edwards. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 9, the defendant(s) shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

5

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
UNITED STATES ATTORNEY

_____
Cristian M. Stevens, #48028MO
Assistant United States Attorney